Argued April 13; affirmed April 29, 1949

SMITH *v.* WILLIAMS

205 P. 2d 566

*Hale G. Thompson,* of Eugene, argued the cause for appellant. On the brief was H. E. Slattery, of Eugene, deceased.

*Robert L. Recken,* of Portland, argued the cause for respondent. On the brief were Senn, Recken & Recken, of Portland and David B. Evans, of Eugene.

Before LUSK, Chief Justice, and BRAND, BELT, ROSS-MAN and BAILEY, Justices.

BELT, J.

This personal injury action was commenced by the plaintiff to recover damages sustained while riding as a guest in a bantam automobile driven by the defendant. On the first trial a judgment of involuntary nonsuit was entered. Plaintiff did not appeal but commenced a new action. On the second trial a judgment

of involuntary nonsuit was again entered. From this judgment plaintiff appealed to this court. It was determined here (180 Or. 626, 178 P. (2d) 710, 173 A. L. R. 1220) that the Circuit Court erred in allowing the motion for a nonsuit. It was held: (1) That there was some substantial evidence tending to show gross negligence on the part of the defendant. (2) That the alleged contributory negligence of the plaintiff was a question of fact for the jury. The cause was remanded for a new trial. On the third trial the jury returned a verdict for the defendant. Plaintiff appeals.

We will not encumber the reports by a recital of the facts out of which this action arose, as they are fully set forth in the opinion on former appeal.

The first assignment of error is predicated on the refusal of the court to give the following requested instruction:

"The defendant charges plaintiff with contributory negligence on account of the fact that plaintiff was asleep when his injury occurred. I will now define to you what contributory negligence is, and it is as follows: 'Contributory negligence is a want of ordinary care upon the part of a person injured by the actionable negligence of another, combining and concurring with that negligence, and contributing to the injury as a proximate cause thereof, without which the injury would not have occurred.'"

The above requested instruction is a correct definition of contributory negligence, but we think plaintiff has no cause to complain, as that issue of the case was fully and accurately covered by the court in other parts of its charge to the jury. The court instructed:

"I instruct you as a matter of law that the plaintiff was a guest in the automobile of the defendant and before you would be entitled to find a verdict

against the defendant the plaintiff would be required to prove to your satisfaction by a preponderance of the evidence that the defendant was guilty of gross negligence and that such gross negligence was the proximate cause of the accident and the injury to the plaintiff. And it will also be necessary for you to further find that the plaintiff was free from contributory negligence which proximately caused or contributed to the accident or the injuries complained of. The burden of proof on the question of contributory negligence would be on the defendant.''

■ The court, in simple and concise language, thus defined contributory negligence:

''Contributory negligence involves two elements, first, negligence; second, such negligence, if any, must be shown to have *contributed to the accident.* Contributory negligence is negligence which contributes to the injury; not necessarily the whole cause, but a contributing cause.'' (Italics ours.)

There are many definitions of contributory negligence. The court was not bound to give the one requested by appellant. Suffice it to say, the definition selected by the court was one that could easily be understood by the jury.

It is asserted that:

''The court erred in refusing to permit defendant, on cross examination, to answer the following question:

'Q. Didn't you hear Mrs. Smith testify at that time, Sarah L. Smith?

A. Yes, I heard it.

MR. EVANS: Wait a minute. I object to that.

THE COURT: Objection sustained as to anything that Mrs. Smith said at the other trial.' ''

It affirmatively appears that the witness answered the question. We cannot consider such an assignment of error.

Third assignment of error is based on the refusal of the court to permit the defendant to answer the following question on cross examination: "How does it come there are so many things you don't remember?" The record does not indicate undue limitation on the right of cross examination. There is no abuse of discretion shown in sustaining the objection in question.

Finally, we are asked to enter judgment for plaintiff under and by virtue of Art. VII, § 3 of the Constitution of Oregon. In this tort action there is great conflict in the evidence. The right of jury trial still obtains. We will not substitute our judgment for that of the jury on a question of fact. The above constitutional provision does not authorize us so to do.

The judgment for defendant is affirmed.